**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| REGINA LAURA TATE, | ) | No. CV 11-3213 CW |
| | ) | |
| Plaintiff, | ) | DECISION AND ORDER |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

The parties have consented, under 28 U.S.C. § 636(c), to the jurisdiction of the undersigned Magistrate Judge.  Plaintiff seeks review of the Commissioner's denial of disability insurance benefits and supplemental security income.  For the reasons stated below, the Magistrate Judge finds that this matter should be reversed and remanded for further administrative proceedings consistent with this decision and order.

## I.  BACKGROUND

Plaintiff Regina Laura Tate was born on May 15, 1950, and was 59-years old at the time of her administrative hearing.  [Administrative Record ("AR") 17.] She has at least some high school education and past work experience as a caterer and an in-home care giver. [AR 89.]

Plaintiff alleges disability due to severe migraines; obesity; sciatic nerve damage; high blood pressure; an inability to lift heavy objects; an inability to sit, stand or walk for more than ten or fifteen minutes at a time; and rotator cuff damage.  [AR 87-88.]

## II.   PROCEEDINGS IN THIS COURT

Plaintiff's complaint in this matter was lodged on April 15, 2011, and filed on April 25, 2011. On November 9, 2011, defendant filed an answer and the certified administrative record. On February 21, 2012, the parties filed their Joint Stipulation ("JS") identifying matters not in dispute, issues in dispute, the positions of the parties, and the relief sought by each party.  This matter has been taken under submission without oral argument.

## III.   PRIOR ADMINISTRATIVE PROCEEDINGS

On December 27, 2007, Plaintiff filed an application for a period of disability and disability insurance benefits and supplemental security income, alleging disability beginning December 1, 2006.  [AR 75.]  After the applications were denied initially and upon reconsideration, Plaintiff requested an administrative hearing, which was held on May 12, 2010, before Administrative Law Judge ("ALJ") Robert A. Evans.  [AR 17-26.]  Plaintiff appeared with counsel, and testimony was taken from Plaintiff, vocational expert ("VE") Ruth Arnish, and medical expert ("ME") Barbara Falcons.  [AR 298.]  The ALJ denied benefits in an administrative decision dated June 4, 2010.  [AR 26.]  When the Appeals Council denied review on February 15, 2011 [AR 4], the ALJ's decision became the Commissioner's final decision.  This action followed.

## IV.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the

Commissioner's decision to deny benefits.  The Commissioner's (or ALJ's) findings and decision should be upheld if they are free of legal error and supported by substantial evidence.  However, if the court determines that a finding is based on legal error or is not supported by substantial evidence in the record, the court may reject the finding and set aside the decision to deny benefits.  See Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Tonapetyan v. Halter, 242 F.3d 1144, 1147 (9th Cir. 2001); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir.  2001); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999); Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995)(per curiam).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion."  Id.  To determine whether substantial evidence supports a finding, a court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion."  Id.  "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick, 157 F.3d at 720-721; see also Osenbrock, 240 F.3d at 1162.

### V.   DISCUSSION

**A.   THE FIVE-STEP EVALUATION**

To be eligible for disability benefits a claimant must demonstrate a medically determinable impairment which prevents the claimant from engaging in substantial gainful activity and which is expected to result in death or to last for a continuous period of at

least twelve months.  <u>Tackett</u>, 180 F.3d at 1098; <u>Reddick</u>, 157 F.3d at 721; 42 U.S.C. § 423(d)(1)(A).

    Disability claims are evaluated using a five-step test:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Part 404, Subpart P, Appendix 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995, <u>as amended</u> April 9, 1996); <u>see also</u> <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); <u>Tackett</u>, 180 F.3d at 1098-99; 20 C.F.R. § 404.1520, § 416.920.  If a claimant is found "disabled" or "not disabled" at any step, there is no need to complete further steps.  <u>Tackett</u>, 180 F.3d 1098; 20 C.F.R. § 404.1520.

    Claimants have the burden of proof at steps one through four, subject to the presumption that Social Security hearings are non-

4

adversarial, and to the Commissioner's affirmative duty to assist claimants in fully developing the record even if they are represented by counsel. Tackett, 180 F.3d at 1098 and n.3; Smolen, 80 F.3d at 1288. If this burden is met, a prima facie case of disability is made, and the burden shifts to the Commissioner (at step five) to prove that, considering residual functional capacity ("RFC")[1], age, education, and work experience, a claimant can perform other work which is available in significant numbers. Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520, 416.920.

**B. THE ALJ'S EVALUATION IN PLAINTIFF'S CASE**

Here, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through October 10, 2008, and that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 1, 2006 (step one); that Plaintiff had the "severe" impairments of: migraines, diabetes mellitus, hypertension, low back pain, obesity, and affective mood disorder (step two); and that Plaintiff did not have an impairment or combination of impairments that met or equaled a "listing" (step three). [AR 19-22.]

The ALJ found that Plaintiff retained the RFC to perform a limited range of light work, and that she had the following additional limitations:

---

[1] Residual functional capacity measures what a claimant can still do despite existing "exertional" (strength-related) and "nonexertional" limitations. Cooper v. Sullivan, 880 F.2d 1152, 1155 n.s. 5-6 (9th Cir. 1989). Nonexertional limitations limit ability to work without directly limiting strength, and include mental, sensory, postural, manipulative, and environmental limitations. Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir. 1993); Cooper, 800 F.2d at 1155 n.7; 20 C.F.R. § 404.1569a(c). Pain may be either an exertional or a nonexertional limitation. Penny, 2 F.3d at 959; Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985); 20 C.F.R. § 404.1569a(c).

```
       [O]nly occasionally climb, crawl and perform overhead
       reaching with the right upper extremity.  She must never
       climb ladders, ropes or scaffolds, as well as must avoid
       moving machinery and unprotected heights. [Plaintiff] must
       avoid even moderate exposure to fumes, harsh chemicals and
       extreme concentration of heat and/or cold.
```
[AR 22-25.]

The ALJ concluded that Plaintiff is capable of performing past relevant work as a Companion (Dictionary of Occupational Titles, "DICOT," 309.677-101) and Residence Counselor (DICOT 187-167-186) (step four). [AR 25-26.] Accordingly, Plaintiff was found not to be "disabled" as defined by the Social Security Act. [AR 26.]

**C.   ISSUES IN DISPUTE**

The JS identifies as disputed issues whether the ALJ properly:

1. Determined that Plaintiff could return to her past relevant work [JS 3-12];
2. Developed the record [JS 12-16].

Issue two is dispositive.

**D.   ISSUE ONE: PAST RELEVANT WORK**

In issue one, Plaintiff contends that the step four finding is in error because the ALJ failed properly to assess and determine the nature and requirements of her past relevant work, and to compare her RFC to those requirements. Plaintiff indicated that in the 1990s she worked as an in-house counselor at a women's home and from 1994 to 2006 she worked as an in-home caregiver [AR 94.] The ALJ found that Plaintiff's past relevant work consisted of work as a residence counselor (DICOT 187.167-186) and companion (DICOT 309.677-101).

At step four, a plaintiff has the burden of showing that she

could no longer perform her past relevant work. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). Nonetheless, the ALJ had the duty "to make the requisite factual findings to support his conclusion." Id. This duty requires an ALJ to examine plaintiff's "'residual functional capacity and the physical and mental demands' of [plaintiff's] past relevant work." Id. at 844-45 (quoting 20 C.F.R. §§ 404.1520(e), 416.920(e)). The plaintiff must be able to perform her past relevant work either as actually performed or as generally performed in the national economy. Id. at 845 ("[w]e have never required explicit findings at step four regarding a claimant's past relevant work both as generally performed and as actually performed") (emphasis in original).

Here, though the court does not decide whether remand would be warranted based solely upon the step four finding, because the hearing decision is insufficient to permit the court to gauge whether the findings with respect to past relevant work are well supported, these findings should be revisited on remand. See Lewin v. Schweiker, 654 F.2d 631, 634-35 (9th Cir. 1981)(an ALJ must make full and detailed findings of fact which are essential to the ALJ's conclusion so that a reviewing court may determine the basis for the decision and whether substantial evidence supports the Commissioner's decision.)

First, with respect to Plaintiff's past job of "residence counselor," pursuant to Social Security Ruling ("SSR") 82-62, work that was performed fifteen years or more prior to the time of adjudication of the claim (or 15 years or more prior to the date the title II disability insured status requirement was last met, if earlier) typically will not be considered "[u]nless continuity of skills, knowledge, and processes can be established between such work

and the individual's more recent occupations." Furthermore, the duration of employment required to qualify as past relevant work varies according to the nature and complexity of the job. Past work has lasted long enough for plaintiff to learn it when there has been sufficient time to learn the techniques, to acquire information, and to reach the point where the job can easily be performed with average competency. See SSR 82-62. Here, at one point, Plaintiff indicated that she performed the counselor job for several years, until June 1994. [AR 94.] She testified, however, that she did this job only for five or six months. [AR 208.] The decision does not make any findings with respect to this discrepancy or, to the extent the job was held more than fifteen years prior to the administrative hearing on Plaintiff's claim for SSI benefits, articulate whether there was a continuity of skills, knowledge and processes between the counsel job and Plaintiff's work through 2006.

The decision's assessment of the in-home caregiver job is similarly insufficient. With respect to that job, Plaintiff indicated that she: lifted patients in and out of bed, transferred patients to and from appointments, cooked, cleaned, helped with bathing and feeding, did errands, housework, laundry, assisted with medication, and acted as a companion. [AR 89, 95.] The ALJ deemed that this job was comparable to the job of "Companion," the DICOT definition of which is as follows:

> Cares for elderly, handicapped, or convalescent persons: Attends to employer's personal needs [PERSONAL ATTENDANT (domestic ser.)]. Transacts social or business affairs [SOCIAL SECRETARY (clerical)]. Reads aloud, plays cards, or other games to entertain employer. Accompanies employer on trips and outings.

    May prepare and serve meals to employer.

DICOT 309.677-010.  1991 WL 672667 (GPO).

    However, as Plaintiff contends, a more directly analogous classification would be that of "home attendant," which is defined as follows:

> Cares for elderly, convalescent, or handicapped persons in patient's home, performing any combination of following tasks: Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters. Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets. Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs. Assists patient to dress, bathe, and groom self. Massages patient and applies preparations and treatments, such as liniment or alcohol rubs and heat-lamp stimulation. Administers prescribed oral medications under written direction of physician or as directed by home care nurse. Accompanies ambulatory patients outside home, serving as guide, companion, and aide. Entertains patient, reads aloud, and plays cards or other games with patient. Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands. May maintain records of services performed and of apparent condition of patient. May visit several households to provide daily health care to patients.

DICOT 354.377-014, 1991 WL 672933 (GPO).  The VE testified, and the ALJ found, that Plaintiff could return to her past job as an in-home caregiver both as her job was actually and generally performed. However, given the disparity between the DICOT description adopted by

the VE and ALJ and Plaintiff's description of her job duties, the court is unable with confidence to conclude that proper assessment was made of the nature of Plaintiff's past work and her ability to perform it.

An ALJ is obliged to investigate fully the demands of Plaintiff's past relevant work and to compare them to her RFC. Because the hearing decision is insufficient in this regard, on remand and after reassessing Plaintiff's RFC, as set forth below, the ALJ shall revisit the step four analysis and, if Plaintiff is found not to be disabled at step four, shall also reach the step five analysis.

    **E.   ISSUE TWO: DUTY TO DEVELOP THE RECORD**

In issue two, Plaintiff contends the ALJ failed adequately to develop the record by, for example, asking sufficient questions at the administrative hearing, and that he thus failed properly to evaluate Plaintiff's RFC.

Although a claimant bears the burden of proving disability, the ALJ has an affirmative duty to assist the claimant in developing the record "when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." <u>Mayes v. Massanari</u>, 276 F.3d 453, 459-60 (9th Cir.2001) (citation omitted); Bustamante, 262 F.3d at 954; <u>see also</u> <u>Webb v. Barnhart</u>, 433 F.3d 683, 687 (9th Cir. 2005)(ALJ has special duty fully and fairly to develop record and to assure that claimant's interests are considered). The duty to develop the record exists even when plaintiff is represented by counsel. <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir 2001). However, when plaintiff appears at a hearing without counsel, the ALJ must be "especially diligent" in exploring the facts. <u>Id.</u> Here, notwithstanding the fact that Plaintiff is unrepresented by counsel

and that the record is inadequate, there was not "especial diligence" exercised in this case.

Here, neither the ME nor the ALJ expressed any doubt that Plaintiff suffers chronic, severe, medical problems, including, for example, migraine headaches. Yet the ALJ did not ask Plaintiff to describe the functional limitations that result from her migraines, for example, or from her other alleged impairments, including those that Plaintiff indicated had worsened in the months prior to her administrative hearing. Indeed, as Plaintiff points out in the joint stipulation, the hearing was exceedingly brief. Nor was any treating or consultive physician asked to assess the scope of Plaintiff's limitations or her remaining functional capacity based upon an examination or treatment of Plaintiff.

Indeed, in response to the ALJ's broad initial questions, the ME suggested that it was difficult for her to form an opinion with respect to Plaintiff's disability. She noted that, because Plaintiff is impoverished and was thus able to afford only intermittent medical care, she would have liked to review any more recent medical records that were available. The ME further testified that, at most, she "kn[e]w [they] [we]re dealing with someone with several chronic medical illnesses and obesity." Her ultimate assessment of Plaintiff's RFC was highly equivocal: "It sounds like she could do light work, with decrease possible due to her obesity." The ALJ asked no follow-up questions. [AR 304.] This case is thus analogous to Tonapetyan v. Halter, in which the Ninth Circuit held that the ALJ failed properly to develop the record after the ME testified that the medical evidence was confusing and that it was thus difficult to discern whether the plaintiff was disabled. See 242 F.3d at 1150-51.

Given the ME's equivocal assessment of Plaintiff and the undisputed severity of her impairments, the appropriate course would be to order consultative examination to properly assess what Plaintiff remains able to do and to hold supplemental administrative proceedings as necessary. See 20 CFR §§ 404.1519a, 416.919a; Reed v. Massanari, 270 F.3d 838, 842 (9th Cir. 2001); Carillo Marin v. Sec'y of Health and Human Services, 758 F.2d 14, 17 (1st Cir. 1985)("[I]f the Secretary is doubtful as to the severity of [a plaintiff's] disorder the appropriate course is to request a consultative examination.").

### F.   REMAND FOR FURTHER PROCEEDINGS

The decision whether to remand for further proceedings is within the discretion of the district court. Harman v. Apfel, 211 F.3d 1172, 1175-1178 (9th Cir. 2000). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Harman, 211 F.3d at 1179 (decision whether to remand for further proceedings turns upon their likely utility). However, where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. Id.

Here, as discussed above, the record is not insufficiently developed and outstanding issues must be resolved before a determination can be made. Thus, remand for further administrative proceedings is appropriate. See e.g., Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1136 (9th Cir. 2011) (remand for automatic payment of benefits inappropriate unless evidence unequivocally establishes disability).

## VI. ORDERS

Accordingly, **IT IS ORDERED** that:

1. The decision of the Commissioner is **REVERSED.**
2. This action is **REMANDED** to defendant, pursuant to Sentence Four of 42 U.S.C. §405(g), for further administrative proceedings consistent with instructions set forth in the body of the decision.
3. The Clerk of the Court shall serve this Decision and Order and the Judgement herein on all parties or counsel.

DATED: April 11, 2012



CARLA M. WOEHRLE
United States Magistrate Judge